# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:09 CV 338-GCM-DSC

| | | |
|---|---|---|
| DEBORAH A. FETHERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | **AND ORDER** |
| BARBARA NOGRASEK and | ) | |
| NORTHERN TOOL & | ) | |
| EQUIPMENT COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue" (document #10) and "Memorandum in Support ..." (document #10-1), both filed September 8, 2009; and the pro se Plaintiff's "Response[s] ... " (documents #13 and 14) filed respectively September 28 and October 21, 2009. Defendants have not filed a Reply and the time for filing a reply brief has expired.

On November 16, 2009, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue" be granted in part and denied in part, that is, that this matter be transferred to the United States District Court for the District of South Carolina, as discussed below.

# I. PROCEDURAL AND FACTUAL BACKGROUND

On October 16, 1995, Defendant Northern Tool hired Plaintiff to work in Northern Tool's distribution facility located in Fort Mill, South Carolina. Plaintiff worked for Northern Tool in South Carolina from October 16, 1995 until August 13, 2007. On August 13, 2007, Northern Tool terminated Plaintiff's employment. Plaintiff alleges that she was terminated on account of her race, gender, age and disability.

On January 7, 2008, Plaintiff filed a Charge of Discrimination against Northern Tool with the Greenville, South Carolina office of the Equal Employment Opportunity Commission ("EEOC"). In her administrative charge, Plaintiff asserted claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") , the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). On April 10, 2008, the EEOC transferred the charge to the South Carolina Human Affairs Commission (the "SHAC") for investigation.

On February 9 and May 14, 2009, respectively, the SHAC and the EEOC issued Plaintiff "Notice[s] of Right to Sue."

On August 5, 2009, Plaintiff filed this action the United States District Court for the Western District of North Carolina alleging claims under Title VII, the ADA, and the ADEA

On September 8, 2009, Defendants filed their Motion to Dismiss or in the alternative to Transfer Venue. In support of their Motion, Defendants credibly allege that the employees, supervisors, and managers within the scope of Plaintiff's allegations worked for Northern Tool in Fort Mill, South Carolina and that all of Northern Tool's employee personnel files relating to Plaintiff and those other individuals are maintained either in Fort Mill or at Northern Tool's corporate headquarters located in Burnsville, Minnesota.

Defendants' Motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. <u>DISCUSSION</u> <u>OF</u> <u>CLAIM</u>

Title VII includes a specific venue provision establishing appropriate venue for all Title VII causes of action. "Section 2000e-5(f)(3) of Title VII, rather than the general federal venue statutes, governs venue of employment discrimination claims brought under Title VII." <u>Williams</u> <u>v.</u> <u>ALCOA</u>, 1996 U.S. Dist. LEXIS 13528 (M.D.N.C. July 29, 1996). Title VII's venue provision states in relevant part:

> An action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. 2000e-5(f)(3).

The only connection this action has to this District is that Plaintiff apparently now resides in Union County, North Carolina (which is within this District). Concerning the statutory factors quoted above, however, it is clear that venue is proper only in the District of South Carolina or the District of Minnesota. Plaintiff worked for Defendant Northern Tool only in its Fort Mill, South Carolina, facility. Defendant Northern Tool maintains its employment records relating to the Fort Mill facility at that site or at Northern Tool's corporate headquarters located in Burnsville, Minnesota. Had Northern Tool not terminated Fetherson's employment, she would have remained an employee at the South Carolina facility.

Tasking into account principles of judicial efficiency and Plaintiff's <u>pro</u> <u>se</u> status, the Court

concludes that rather than recommend dismissal of this action for improper venue, which dismissal if entered would almost certainly be followed by the re-filing of an identical lawsuit in the District of South Carolina, the better practice is simply to transfer venue to that District.

## III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue" (document #10) be **GRANTED IN PART** and **DENIED IN PART**, that is, that this matter be transferred to the United States District Court for the District of South Carolina.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to <u>de novo</u> review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201

(4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the <u>pro se</u> Plaintiff, to counsel for Defendants, <u>and to the Honorable Graham C. Mullen</u>

**SO ORDERED AND RECOMMENDED**.

Signed: November 17, 2009

David S. Cayer
United States Magistrate Judge